UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO VEGA MORALES,<br><br>   Plaintiff,<br><br>  v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA, et al.,<br><br>   Defendants. | Case No. 3:20-cv-02949-WHO<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE**<br><br>Re: Dkt. No. 27 |

Plaintiff Ernesto Vega Morales filed a petition for writ of habeas corpus on April 29, 2020. After some procedural back and forth, the case was reassigned to me and the government filed a response on June 28, 2022. Dkt. No. 19. The traverse was originally due on August 8, 2022. *See id.* But on August 3, Morales's attorney filed a motion to withdraw and to extend time to file a traverse, citing Morales's decision to terminate his services in December 2021. Dkt. No. 20. I extended the deadline for the traverse to September 19, 2022. Dkt. No. 22. I began a hearing on the motion to withdraw on September 16, 2022, but rescheduled it to September 28, 2022, so that an interpreter could be present for Morales. *See* Dkt. Nos. 24, 25, 26.

At the hearing, Morales appeared video Zoom videoconference. Through the interpreter, I informed him that I would grant his attorney's motion to withdraw and asked him whether he intended to obtain new counsel. He declined to state whether he would obtain new counsel. He repeatedly asked to return to his cell and seemed uninterested in pursuing his case. I explained that I would extend the deadline to file a traverse one more time but that if he did not file a traverse I would have to dismiss the case for failure to prosecute. *See* Dkt. Nos. 26, 27. I extended the deadline to file his traverse to November 29, 2022. *See* Dkt. No. 27. Morales has not filed anything with the court.

1    District courts have *sua sponte* authority to dismiss actions for failure to prosecute or to
2    comply with court orders. *See* Fed. R. Civ. P. 41(b); *see also Hernandez v. City of El Monte*, 138
3    F.3d 393, 400 (9th Cir. 1998). In deciding whether to dismiss for failure to prosecute or comply
4    with court orders, a district court must consider five factors: "(1) the public's interest in
5    expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
6    prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and
7    (5) the availability of less drastic sanctions." *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir.
8    2010) (citation omitted), *overruled on other grounds by Langere v. Verizon Wireless Servs., LLC*,
9    983 F.3d 1115, 1117 (9th Cir. 2020); *see also Medina v. Hinojosa*, 850 F. App'x 590, 590-91 (9th
10   Cir. 2021) (unpublished) (confirming *Omstead* factors are good law).

11   The first two factors—public interest in expeditious resolution of litigation and the court's
12   need to manage its docket—weigh in favor of dismissal. As described above, defendants filed a
13   response and Morales failed to timely file a traverse. I extended the time for Morales to file his
14   traverse from August 8, 2022, to September 19, 2022, and then again to November 29, 2022.
15   Morales, who had fired his lawyer in December 2021, still has not filed a traverse or otherwise
16   responded to my order noting that the case would be dismissed if he failed to respond. This failure
17   to prosecute hinders my ability to move this case forward toward disposition and suggests—along
18   with Morales's explicit statements at the hearing—that Morales does not intend to litigate this
19   action diligently.

20   The third factor of prejudice to defendant also weighs in favor of dismissal. A rebuttable
21   presumption of prejudice to defendants arises when plaintiffs unreasonably delay prosecution of
22   an action. *See Hernandez*, 138 F.3d at 400-01. Nothing suggests such a presumption is
23   unwarranted here.

24   The fourth factor—public policy in favor of deciding cases on the merits—ordinarily
25   weighs against dismissal. However, "it is the responsibility of the moving party to move towards
26   . . . disposition at a reasonable pace, and to refrain from dilatory and evasive tactics. *Morris v.*
27   *Morgan Stanley*, 942 F.2d 648, 652 (9th Cir. 1991). Morales has not discharged this responsibility
28   despite multiple opportunities to file a traverse. He was granted sufficient time in which to file his

United States District Court
Northern District of California

traverse. And, if his statements at the hearing are to be believed, he does not seem to want to pursue his case in any event. Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Morales's failure to file responsive documents within the time granted.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal. Morales had the opportunity to file a traverse but did not do so. I then gave him more time to file a traverse, but he again failed to do so.

For the foregoing reasons, I find that the factors weigh in favor of dismissal. This action is hereby DISMISSED without prejudice for failure to prosecute and comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: December 5, 2022

William H. Orrick
United States District Judge